UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

PATTI CINELLI v. OPPENHEIM-EPHRATAH            6:07-CV-235
CENTRAL SCHOOL DISTRICT                        (DNH/GJD)

_____

JOHN J. HOKE, ESQ. for Plaintiff
ELENA DeFIO KEAN, for Plaintiff
FRANK W. MILLER, for Defendant

## ORDER

Presently before the court is plaintiff's request to amend her complaint to add

two causes of action.  On November 1, 2007, plaintiff's counsel filed a letter-motion

requesting an extension of the deadline for amendment of pleadings,[1] and stating that

he had sent a proposed amended pleading to defense counsel for his review and

possible consent. (Dkt. No. 16).  This court initially denied the extension request

without prejudice and told plaintiff's counsel to wait for defendant's response

regarding a possible stipulation to amend. (Dkt. No. 17).

Defense counsel declined to stipulate to the amendment, and on December 3,

2007, the court held a telephone conference to discuss the issue.  The court requested

that the parties brief the issue, and both parties have filed documents in support of

their respective positions. (Dkt. Nos. 20, 21).  Plaintiff's counsel has filed a copy of

the original and the proposed amended complaint with his papers. (Dkt. No. 21, Exs.

A & B).

_____

[1] The deadline for amendment expired on November 1, 2007, the same day that counsel
filed the request for an extension. *See* Dkt. No. 11 (Uniform Pretrial Scheduling Order).

## DISCUSSION

### 1.    <u>Motion to Amend</u>

Generally, the court has discretion whether or not to grant leave to amend [a pleading]. *Foman v. Davis*, 371 U.S. 178, 182 (1962).  In exercising this discretion, the court must act pursuant to FED. R. CIV. P. 15(a), granting leave to amend "freely ... when justice so requires."  FED. R. CIV. P. 15(a)(2)[2]; *Foman*, 371 U.S. at 182.  A motion to amend should not be denied unless there has been undue delay, bad faith, undue prejudice to the opposing party, or the amendment is futile. *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001)(citing *Foman, supra*).  Leave may also be denied if granting leave would contravene a prior order of the court setting a deadline for amendment. *Mataraza v. Newburgh Enlarged City Sch. Dist.*, 294 F. Supp. 2d 483, 486 (S.D.N.Y. 2003).

Generally, an amendment is futile if the pleading fails to state a claim or would otherwise be subject to dismissal. *U.M.G. Recordings, Inc. v. Lindor*, CV-05-1095, 2006 U.S. Dist. LEXIS 83486, *5-6 (E.D.N.Y. Nov. 9, 2006);  *S.S. Silberblatt, Inc. v. East Harlem Pilot Block*, 608 F.2d 28, 42 (2d Cir. 1979).  The analysis is similar to that employed in a motion to dismiss. *Stetz v. Reeher Enterprises, Inc.*, 70 F. Supp. 2d 119, 121 (N.D.N.Y. 1999).  The court must accept the asserted facts as true and

---

[2] The court notes that on December 1, 2007, amendments to the Federal Rules of Civil Procedure took effect.  These amendments changed the language and the numbering within Rule 15.  Prior to December 1, 2007, the language cited herein was contained in Rule 15(a), now the above language is contained in Rule 15(a)(2).  The substance of the language is the same as before the amendments.  However, the court will cite to the current version of the rule unless it is quoting a case that cites the prior version.

construe them in the light most favorable to the amending party. *Id.*

When amendments raise colorable claims, especially where they are based upon disputed facts, they should be allowed, and a comprehensive legal analysis deferred to subsequent motions to dismiss or for summary judgment. *Madison Fund, Inc. v. Denison Mines Ltd.*, 90 F.R.D. 89, 91 (S.D.N.Y. 1981); *EEOC v. Sage Realty Corp.*, 87 F.R.D. 365, 371-72 (S.D.N.Y. 1980); *WIXT Television, Inc. v. Meredith Corp.*, 506 F. Supp. 1003, 1010 (N.D.N.Y. 1980).

It has also been held, however, that a motion to amend may be denied when the movant knew or should have known of the facts upon which the amendment is based when the original pleading was filed. *Berman v. Parco*, 986 F. Supp. 195, 217 (S.D.N.Y. 1997)(M.J. Peck).  This is particularly true when the movant offers no excuse for the delay.

In this case, defendant argues that the court should not allow the amendment because the new claims would be barred by the statute of limitations, and the new claims do not "relate back" to the original complaint under FED. R. CIV. P. 15(c).  If the claims are barred by the applicable statute of limitations, then they are futile under the standard for amendment of pleadings. *See Grace v. Rosenstock*, 228 F.3d 40, 53 (2d Cir. 2000).

## A.  Family and Medical Leave Act (FMLA)

The complaint in this case is based in relevant part on the Family and Medical Leave Act, 29 U.S.C. § 2611 *et seq.*  The FMLA provides eligible employees with the ability to take 12 work weeks of leave in any 12 month period for various reasons,

including caring for the employee's spouse, child, or parent with a serious health condition. 29 U.S.C. § 2612(a)(1)(C).[3]  The FMLA makes it unlawful for an employer to interfere with, restrain, or deny the exercise or the attempt to exercise any of the rights conferred by the statute. 29 U.S.C. § 2615(a)(1).  Employers may not discharge or discriminate against an employee who is exercising or attempting to exercise these rights.[4] 29 U.S.C. § 2615(a)(2).

The statute also contains a provision prohibiting specific types of retaliation[5]. *Id.* § 2615(b).  This section states that it shall be unlawful to discharge or in any manner discriminate against any individual for filing charges that relate to the statute, giving information in connection with an inquiry or proceeding relating to rights provided by the statute, or testifying in any inquiry or proceeding relating to rights under the statute. *Id.* § 2615(b)(1)-(b)(3).  The FMLA creates a private right of action

---

[3] The statute also provides that an eligible employee is entitled to take leave time because of the birth of a child, the placement of a child in the employee's foster care, or because of the employee's own serious health condition. 29 U.S.C. § 2612(a)(1)(A), (B), (D).

[4] This section may include claims of retaliation since discharging an individual because he or she opposed an illegal practice would constitute a claim of retaliation.

[5] The Second Circuit has distinguished between cases involving "interference" and cases involving "retaliation." *Sista v. CDC Isis North Am., Inc.*, 445 F.3d 161, 175-76 (2d Cir. 2006). The Second Circuit has implied that there is a different standard for the evaluation of these two types of cases. *Id.*  The court has specifically held that **retaliation** cases necessitate a burden shifting approach, similar to employment discrimination cases involving Title VII of the Civil Rights Act. *Id.* at 176 (citing *Potenza v. City of New York*, 365 F.3d 165, 168 (2d Cir. 2004)(per curiam)).  Although the Second Circuit has not specifically held that interference claims do not require the burden-shifting approach, this has been strongly implied. *Id.* at 175-76 (citing with approval the Seventh Circuit's and Ninth Circuit's method of analysis that does distinguish the two types of cases and states that in an interference case, a plaintiff need only prove by a preponderance of the evidence that the assertion of FMLA rights was a "negative factor" in the decision to terminate her).

4

for both equitable relief and money damages against the employer who violates section 2615. 29 U.S.C. § 2617. *See Sista v. CDC Ixis North Am., Inc.*, 445 F.3d 161, 174 (2d Cir. 2006)(citing *Nevada Dep't of Human Res. v. Hibbs*, 538 U.S. 721, 724-25 (2003)).

**B. Plaintiff's Original Complaint**

Plaintiff's original complaint contains three causes of action. (Dkt. No. 1 & Plaintiff's Ex. B).  The first cause of action relates to the FMLA, the second cause of action asserts a New York State Civil Service Law Claim, and the third cause of action asserts breach of contract.  Plaintiff's proposed amended complaint contains five causes of action. (Dkt. No. 21, Ex. A).  The first three causes of action in the proposed amended pleading relate to the FMLA, and the last two causes of action are the Civil Service Law and breach of contract claims.

The court would point out that plaintiff has not submitted a "redlined" version of the complaint, making it more difficult to determine what was changed from the original.  Plaintiff's letter brief contains a section arguing that the State Law claims in the proposed amended complaint are "nearly identical" to the original, and that there have been only minor changes. (Dkt. No. 20 at p.4[6]).  Plaintiff argues that these state law claims are not "time barred." *Id.*

A review of the defendant's brief shows that the only real opposition to the amendment relates to the expansion of the FMLA claims. (Dkt. No. 21).  Defendant

---

[6] Plaintiff's counsel has also neglected to number the pages of his letter-brief.

argues that the new *FMLA* claims are time barred.[7]  The court will therefore focus on the proposed amendment to the extent that it is opposed by defendant and will assume that there are no objections to the "minor" changes in the rest of the proposed amended complaint.

The first cause of action in the original complaint contains twenty five paragraphs. Complaint ¶¶ 5-30.  Within those paragraphs, plaintiff alleges that the defendant is an employer within the FMLA, plaintiff is an employee within the meaning of the statute, and that she has foster children and a mother who all have serious medical conditions. Complaint ¶¶ 10-17.  Plaintiff then specifically states that defendant did not post notice of an employee's rights under the FMLA, did not have any written materials or handbooks on the subject, and never advised plaintiff in any way of the existence of FMLA-qualified leave. Complaint ¶¶ 20, 21, 25.

Plaintiff states that between January 2003 and November 2005, she took "intermittent leave" to care for her immediate family members with serious and chronic medical conditions. Complaint ¶¶ 18-19.  Plaintiff claims that defendant was notified through plaintiff's supervisors of plaintiff's need to take leave in order to take her foster children to their medical appointments. Complaint ¶ 24.  Plaintiff then states that defendant notified plaintiff of its intent to terminate plaintiff's employment on November 4, 2005 for "'excessive absenteeism", *despite the fact that her absences were for FMLA qualified leave.*" Complaint ¶ 26 (emphasis added).

---

[7] Defendant does *not* appear to argue anywhere in his memorandum that the state law claims are time barred.

Within the first cause of action, plaintiff also states that she filed a grievance pursuant to her collective bargaining agreement, and that despite the grievance, and her appeals of the denial of that grievance in which she presented a "***valid justification***" for those absences, the Superintendent affirmed her termination, based solely upon "excessive absenteeism." Complaint ¶¶ 26-27.  Plaintiff states that she received notice of the final decision on December 14, 2005. Complaint ¶ 28.

### C.  Plaintiff's Proposed Amended Complaint

In the proposed amended complaint, plaintiff appears to have split her first cause of action into three separate causes of action, all based upon the FMLA.  The new first cause of action claims that defendant terminated plaintiff following FMLA-qualified absences, thus, interfering with, restraining, and denying plaintiff's attempt to assert her rights under the FMLA. Proposed Amended Complaint (AC) ¶¶ 5-21.[8]

Plaintiff's new second cause of action is an expansion of plaintiff's claim that she did not receive proper notice of her rights under the FMLA and states that defendant's "statutory violation" of the FMLA "restrained and interfered with" plaintiff's exercise of her rights under the FMLA. *See* AC ¶ 34.  Finally, plaintiff's third new cause of action states that she attempted to assert her rights under the FMLA by filing a grievance through the internal grievance procedure "delineated in the Agreement." AC ¶ 36.  Plaintiff then states that in the grievance, she "informed the Defendant of its obligations under the FMLA." AC ¶ 37.  Plaintiff then claims that by discharging plaintiff in violation of the FMLA, defendant was retaliating against her

---

[8] The proposed amended complaint has been attached to plaintiff's papers as Ex. B.

for asserting her rights under the statute. AC ¶ 38.

### D.  Statute of Limitations

The FMLA contains a statute of limitations for bringing an action under the Act. 29 U.S.C. § 2617(c).  The statute provides for a two year statute of limitations for all but "willful violations." *Id.* § 2617(c)(1).  A three year statute of limitations applies to willful violations. *Id.* § 2617(c)(2).  Both statutes run from the date of the "last event constituting the alleged violation for which the action is brought." *Id.* § 2617 (c)(1) & (c)(2).

Defendant argues that plaintiff's motion to amend should be denied because her new claims are time-barred, and therefore, amendment would be futile.  In this case, it is actually unclear when the "last event" upon which the action is based occurred. Plaintiff's memorandum of law states that her termination was December 12, 2005.[9] However, the original complaint and the proposed amended complaint refer to plaintiff receiving notice of the termination on December 14, 2005. Dkt. No. 1 at ¶ 28, AC ¶ 31.  In any event, plaintiff claims that her FMLA causes of action accrued on the date that she exhausted her remedies pursuant to the collective bargaining agreement, either December 12 or 14, 2005. Plaintiff's letter-brief at p.2.

Defendant states that plaintiff was terminated on November 4, 2005, when the District's Superintendent of Schools notified plaintiff that the Board of Education

---

[9] Actually, the memorandum of law contains a typographical error.  The document states that "Plaintiff's original FMLA claim was indisputably timely when filed on March 5, 2007, less than two years from her termination on December 12, *2007*." Dkt. No. 21 at p.2.  Clearly, plaintiff means December 12, *2005*.

voted to accept the Superintendent's recommendation and terminated plaintiff's employment "immediately." Defendant's Memorandum at p.1. As stated above, the statute provides that the cause of action accrues from the "last event constituting the alleged violation for which the action is brought." 29 U.S.C. § 2617 (c)(1) & (c)(2). Neither party in this action makes an argument regarding the accrual date of plaintiff's claim. However, whether plaintiff's cause of action under the FMLA accrued on November 4, 2005 or either December 12 or 14, 2005, her original complaint was filed on March 5, 2007, less than two years from any date that has been associated with plaintiff's termination. Defendant does not allege that plaintiff's original complaint was untimely.

Defendant argues that the claims in plaintiff's proposed amended complaint are untimely and do not "relate back" to the original complaint. Therefore, the new claims are now barred by the statute of limitations. Rule 15(c)(1)(B)[10] of the Federal Rules of Civil Procedure provides that an amendment "relates back" to the date of the original pleading "when the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out or attempted to be set out in the original pleading. …" FED. R. CIV. P. 15(c)(1)(B). This provision is applicable[11] when the

---

[10] The parties cite FED. R. CIV. P. 15(c)(2), however, the amendments to the Federal Rules of Civil Procedure have renumbered the sections of Rule 15, and Rule 15(c)(2) no longer discusses the concept of "relation back." Rule 15(c)(2) is now Rule 15(c)(1)(B). The substance of this section is the same with minor changes in the wording. The court will refer to the current section unless citing to a case that refers to the prior version.

[11] There are other instances in which the "relation back" doctrine may be applicable, but these other situations are not relevant to this case. *See E.R. Squibb & Sons, Inc. v. Lloyd's & Cos*, 241 F.3d 154, 162-64 (2d Cir. 2001)(Rule 15(c)(1)(B) applies when determining amounts in

statute of limitations has run at the time that the party **seeks to amend**. *See Farber v. Wards Co.,* 825 F.2d 684, 689 (2d Cir. 1987). Thus, before engaging in a "relation back" analysis, the court must first determine whether the statute of limitations has run for the claims in question at the time that plaintiff sought leave to amend.

In this case, plaintiff's counsel sought an extension of time for amendment of pleadings on November 1, 2007, stating that he had already sent a proposed amended pleading to defense counsel. (Dkt. No. 16). The **court** denied plaintiff's request without prejudice and ordered that plaintiff attempt to obtain consent from defendant. (Dkt. No. 17). Had plaintiff's counsel filed a motion to amend the complaint on November 1, 2007, he would have sought to amend within the two year statute of limitations,[12] even assuming that the court used defendant's date of accrual of November 5, 2005. Plaintiff should not be prejudiced because the court delayed her motion to amend.[13] Thus, this court finds that plaintiff's amended complaint would not be barred by the statute of limitations, and the court would not need to proceed to an analysis of whether the claims would "relate back." Instead, the court would need only consider whether an amendment was proper under Rule 15(a)(2).

However, the court will also consider whether the claims would "relate back,"

---

controversy or citizenship of parties).

[12] As noted above, the two year statute of limitations is for non-willful violations and is the shorter of the two applicable statutes of limitation under the FMLA.

[13] The court also has a requirement that no non-dispositive motions may be filed until the parties have a telephone conference with the court. When defendant refused to consent to the amendment, the court held a telephone conference on December 3, 2007. Once again, the plaintiff should not be prejudiced because the court's actions delayed a motion to amend.

assuming that the amended claims were barred by the statute of limitations, Rule 15(c)(1)(B) provides that the amendment will relate back to the date of the original pleading if the claim asserted arose out of the conduct, transaction, or occurrence set out in the original pleading. *See Slayton v. Am. Express Co.*, 460 F.3d 215, 228 (2d Cir. 2006)(quoting FED. R. CIV. P. 15(c)(2)(citation to prior version)).  In *Slayton*, the Second Circuit stated that "the basic claim must have arisen out of the conduct set forth in the original pleading." *Id.* at 228 (quoting *Tho Din Tran v. Alphonse Hotel Corp.*, 281 F.3d 23, 36 (2d Cir. 2002))(internal quotation marks omitted).  The main consideration is whether the ***general fact situation*** in the original pleading gave the opposing party adequate notice of the matters contained in the amended pleading within the statute of limitations. *Id.*

Relation back occurs when the amended complaint does not allege a new claim, but clarifies or refines prior allegations. *Id.*  The Second Circuit also stated, however, that an amended complaint will not relate back if the new claims are based on an entirely different set of factual allegations, notwithstanding the same legal theory as raised in the original complaint. *Id.* (citing *Nettis v. Levitt*, 241 F.3d 186, 193 (2d Cir. 2001)).

In this case, defendant argues that the "only" FMLA claim raised in the original complaint alleged lack of notice, which is not actionable where the lack of notice did not affect the employee's exercise or attempt to exercise the substantive rights afforded to her under the FMLA. Defendant's Memorandum of Law at p.2.  Defendant cites *Sarno v. Douglas Elliman-Gibbons & Ives, Inc.*, 183 F.3d 155 (2d Cir.1999).

11

The court would first point out that it is *not* judging the sufficiency of the *original complaint*, however, it is merely noted that *Sarno* involved a case in which the plaintiff's FMLA claims were based on his own health condition.  Although the court did state that the "right to notice" is not an "independent" right under the Act,[14] the court also stated that it was expressing *no view* as to whether the failure to give notice of the employee's rights under the FMLA would affect the employee's exercise or attempt to exercise those rights in cases in which the employee was taking leave for purposes other than his own health-related inability to perform the job. *Id.* at 162. Plaintiff in this case is asserting rights under the section relating to care for family members.[15]

In any event, this court finds that defendant reads plaintiff's original complaint too narrowly.  Under the "liberal pleading" standards of FED. R. CIV. P. 8, a plaintiff need only give the defendant a "short and plain" statement of the claim, showing that plaintiff is entitled to relief. FED. R. CIV. P. 8(a).  In addition to the issue of notice, the original complaint states that defendant terminated her employment "despite the fact that her absences were for FMLA qualified leave." Complaint ¶ 26.  Plaintiff's first two new causes of action are merely an expansion of this claim.  The facts upon which

---

[14] The court notes that the FMLA provides a statutory penalty for employers who fail to willfully fail to post notice of the pertinent FMLA provisions. *See* 29 U.S.C. § 2619.  It has been held that section 2619, *itself*, does not impose a private right of action by the employee. *See Felder v. Winn-Dixie, Inc.* No. 03-1438, 2003 U.S. Dist. LEXIS 22535, *12-13 (E.D. La. Dec. 16, 2003).

[15] Whether plaintiff in this case is attempting to state an "independent" claim of lack of notice is also a question that this court does not answer.

the first two new claims are based are identical to the original complaint.  Thus, this court finds that the first two causes of action in the amended complaint would relate back to the original and would be timely even assuming defendant were correct in stating that the statute of limitations expired.

The third proposed cause of action, however, gives this court concern. Although it is true that plaintiff had originally stated that she filed a grievance, now she claims that simply because she filed a grievance and the termination was affirmed, defendant "retaliated" against plaintiff for asserting her rights under the FMLA.  A claim of retaliation is certainly a "willful" violation and may be subject to the three-year statute of limitations.  Thus, this claim would be timely and would not need to "relate back" to the original.

Notwithstanding this fact, the court must still analyze a motion to amend under the FED. R. CIV. P. 15(a)(2) standard.  Plaintiff's original complaint never mentioned retaliation, and it appears that plaintiff is attempting to claim that by affirming the decision to terminate plaintiff, the defendant was "retaliating" against her for asserting her rights under the FMLA.  Plaintiff cites 29 U.S.C. § 2615(a)(2). AC ¶ 38.  In order to state a claim for retaliation under the FMLA, a plaintiff must show that she engaged in protected conduct, the employer was aware of that activity, the employer took adverse action against her, and that there was a causal connection between the adverse action and the protected conduct. *Sista v. CDC Ixis N. Am. Inc.*, 445 F.3d 161, 177 (2d Cir. 2006)(citation omitted).  A retaliatory motive must have played a part in the adverse employment action. *Id.*  Plaintiff also uses the word "discriminated" in a

13

conclusory fashion, together with the term "retaliated."

Plaintiff claims only that she was terminated and then filed a grievance as she was entitled to do under her collective bargaining agreement.  The defendant had already decided to terminate plaintiff before she filed the grievance.  If an individual could claim retaliation every time that he or she challenged a decision to terminate, then every case would involve retaliation, and that is simply not the case.  Plaintiff never claimed that she was terminated because she asserted the FMLA, rather she claimed that she was terminated because defendant did not comply with the FMLA. Plaintiff's argument is that her absences were FMLA-qualified.

Although, the court finds that the discrimination/retaliation claim would be within the statute of limitations, the court also finds under a Rule 15(a)(2) analysis, that this claim would be futile because plaintiff has simply not alleged sufficient facts to state that her decision to assert the FMLA was the motivating factor in her dismissal, rather than her claim that her absences were FMLA-qualified, and the defendant discharged her in violation of the Act.  The court also finds that the addition of a retaliation claim would prejudice the defendant. Thus, this court will allow the addition of plaintiff's first two causes of action, but will deny the motion to amend the complaint as to the third proposed cause of action.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to amend the complaint is **GRANTED IN PART**, and plaintiff may amend her complaint to add the first two proposed causes of action and any minor changes in the state law claims to which defendant did not

14

submit an opposition, and it is further

ORDERED, that plaintiff's motion to amend the complaint is DENIED to the extent that she seeks to add a discrimination and retaliation claim in the third proposed cause of action, and it is further

ORDERED, that plaintiff shall file the revised amended complaint by FRIDAY, JANUARY 25, 2008.

Dated: January 7, 2008

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge