UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PATTI CINELLI,

                       Plaintiff,

            v.                                 6:07-CV-235-DNH-GJD

OPPENHEIM-EPHRATAH CENTRAL
SCHOOL DISTRICT,

                       Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                              OF COUNSEL:

TOWNE, BARTKOWSKI & DeFIO KEAN, PC    ELENA DeFIO KEAN, ESQ.
Attorneys for Plaintiff                         JOHN J. HOKE, ESQ.
450 New Karner Road                       JAMES T. TOWNE, JR., ESQ.
P.O. Box 15072
Albany, New York 12205

FRANK W. MILLER, ESQ.                  FRANK W. MILLER, ESQ.
Attorney for Defendant                      CHARLES E. SYMONS, ESQ.
6575 Kirkville Road
East Syracuse, New York 13057

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

## I. INTRODUCTION

       Plaintiff Patti Cinelli ("plaintiff") brings suit against the Oppenheim-Ephratah Central School District ("defendant") pursuant to the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, *et seq.*, as a result of being terminated from her employment.

       Plaintiff alleges four causes of action in her amended complaint: first, that her employer unlawfully interfered with her rights under the FMLA after she was terminated for

excessive absenteeism; second, that defendant failed to notify her of her FMLA rights, thereby interfering with her rights under the Act; third, that her termination was in violation of New York Civil Service Law § 75; and fourth, that defendant is liable for breach of contract for failing to comply with the terms of the collective bargaining agreement entered into with plaintiff's union.  (See Pl's. Am. Compl., Dkt. No. 23.)

Defendant moves for summary judgment pursuant to Federal Rule of Civil Procedure 56.  Plaintiff opposes.  Defendant's motion was considered without oral argument.

## II. BACKGROUND

Plaintiff was employed as defendant's custodian from 1995 until 2005.  During that period, she became the legal guardian for her three foster children.  According to plaintiff, her foster children suffer from several physical and psychological delays due to their biological mother's substance abuse.  Additionally, plaintiff alleges she suffers from chronic obstructive pulmonary disorder.  As a result of her medical condition and the various ailments suffered by her foster children, plaintiff was absent from work for various periods during the course of her employment with defendant.

On February 25, 2003, then Superintendent Cosimo Tangorra sent plaintiff a letter instructing her to provide a physician's note for her most recent absence as well as for each future absence during the school year. (Ex. 4 to Pl's. Dep., Dkt. No. 38-7, 47.)

On March 5, 2003, Mr. Tangorra again wrote plaintiff a letter expressly stating that, contrary to plaintiff's prior assertions, the February 25 letter constituted a written reprimand for her excessive absenteeism, and he reiterated that she must provide a physician's note for future sick leave or otherwise face a suspension without pay for up to

five days.  Mr. Tangorra also warned that her failure to provide a physician's note following her suspension would result in her dismissal.  (See Ex. 6 to Pl's. Dep., Dkt. No. 38-7, 52.)

Effective May 19, 2003, plaintiff was suspended for five days without pay for failing to provide a physician's note after missing six work days.  In his letter notifying plaintiff of the basis for her suspension, Mr. Tangorra explained that continued absenteeism could lead to plaintiff's termination.  (See Ex. 7 to Pl's. Dep., Dkt. No. 38-7, 54.)

Mr. Tangorra later learned that plaintiff intended to call-in sick on June 12, 2003.  In his letter dated June 11, 2003, Mr. Tangorra directed plaintiff to report to work on June 12 and warned her that her failure to do so would result in a discipline hearing leading to her eventual termination in accordance with her union's collective bargaining agreement.  (See Ex. 8 to Pl's. Dep., Dkt. No. 38-7, 56.)

On November 4, 2005, plaintiff was terminated due to her excessive absenteeism.  Pursuant to the terms of the collective bargaining agreement entered into between defendant and her union, plaintiff filed a grievance disputing her termination.  On November 28, 2005, plaintiff's grievance was denied.  (See Ex. 3 to Pl's. Dep., Dkt. No. 38-7, 42-45.)  Plaintiff later filed her lawsuit on March 5, 2007.

## III. DISCUSSION

### A. Summary Judgment Standard

Summary judgment is warranted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S. Ct. 2505, 2509-10 (1986).  All

facts, inferences therefrom, and ambiguities must be viewed in a light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986); Brown v. Henderson, 257 F.3d 246, 251 (2d Cir. 2001). The moving party carries the initial burden of demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552 (1986); Thompson v. Gjivoje, 896 F.2d 716, 720 (2d Cir. 1990).

Once the moving party has met its initial burden, the nonmoving party must "set out specific facts showing a genuine issue for trial." FED. R. CIV. P. 56(e)(2); Liberty Lobby Inc., 477 U.S. at 250, 106 S. Ct. at 2511; Matsushita Elec. Indus. Co., 475 U.S. at 587, 106 S. Ct. at 1356. At that point, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus Co., 475 U.S. at 586, 106 S. Ct. at 1356. Indeed, to withstand a summary judgment motion, the nonmoving party must demonstrate that sufficient evidence exists upon which a reasonable jury could return a verdict in its favor. Liberty Lobby Inc., 477 U.S. at 248, 106 S. Ct. at 2510; Matsushita Elec. Indus. Co., 475 U.S. at 587, 106 S. Ct. at 1356.

### B. Interference with Plaintiff's Rights under the FMLA – Termination

Defendant raises a number of objections to plaintiff's first cause of action, including the applicable statute of limitations, the seriousness of her medical condition, and whether she provided adequate notice of her need for protected sick leave. Under the FMLA, eligible employees are entitled to up to twelve weeks of leave during any twelve month period due to, *inter alia*, a serious health condition that prevents the employee from performing her work function or the need to provide care for a spouse, parent, or child who has a serious health condition. See 29 U.S.C. § 2612(a)(1). Employees have a federal

cause of action in the event that their employer interferes with, restrains, or denies their benefits as provided under the statute. See 29 U.S.C. § 2615(a)(1). In order to establish a *prima facie* claim under the FMLA, plaintiff must show: (1) that she is an eligible employee as defined within the statute; (2) that defendant falls within the statute's definition of employer; (3) that she was entitled to take leave from work under the FMLA; (4) that she provided defendant with notice of her intention to take leave; and (5) that defendant interfered with, restrained, or denied her benefits to which she was entitled under the Act. Roberts v. Ground Handling, Inc., 499 F. Supp. 2d 340, 351 (S.D.N.Y. 2007) (quoting Kennebrew v. N.Y. City Hous. Auth, No. 01-CV-1654, 2002 WL 265120, at *19 (S.D.N.Y. Feb. 26, 2002) (citation omitted)).

### 1. Statute of Limitations

FMLA claims are generally governed by a two year statute of limitations beginning from "the date of the last event constituting the alleged violation for which the action is brought." 29 U.S.C. § 2617(c)(1). However, willful violations of the FMLA may be commenced within three years from the date of accrual. 29 U.S.C. § 2617(c)(2). Defendant contends that plaintiff does not plead a willful violation, and therefore, she should be barred from recovering for alleged violations that occurred prior to March 5, 2005.

An alleged violation is willful if the defendant either knew or recklessly disregarded whether its conduct violated the FMLA. Porter v. New York Univ. Sch. of Law, 392 F.3d 530, 531 (2d Cir. 2004) (quoting McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133, 108 S. Ct. 1677, 1681 (1988)). Accordingly, if a defendant acts reasonably, or unreasonably but not recklessly, when considering the legality of its actions, the alleged

violations should not be considered willful.  Porter, 392 F.3d at 531-32 (quoting McLaughlin, 486 U.S. at 135 n.13, 108 S. Ct. at 1682 n.13.

Defendant argues that any alleged violations cannot be considered willful because there is no evidence to suggest that it recklessly determined its actions were in compliance with the FMLA.  Defendant's argument rests upon its position that plaintiff failed to provide adequate notice of her serious medical condition or the serious medical conditions of her foster children beyond her general communications that she was "sick" or needed to take her foster children to see their physician.  However, construed in the light most favorable to plaintiff, there are disputed issues of fact as to whether defendant recklessly disregarded plaintiff's need to take FMLA protected leave from work.  Plaintiff's supervisor, Bruce Carpenter, stated that plaintiff requested leave to take her children to see their physician.  (Carpenter Dep., Ex. E to Hoke Decl., Dkt. No. 41-10, 40:1-9.)  Mr. Carpenter also stated that plaintiff would provide a physician's note after missing three or more consecutive days of work due to her health.  (Id. at 41:18-42:17.)  Additionally, defendant's school nurse administered prescription medication to one of plaintiff's foster children for asthma, (Brown Dep., Ex. D to Hoke Decl., Dkt. No. 41-9, 8:2-12) and she stated she was aware that plaintiff's two other foster children also suffered from the same condition.  (Id. at 7:14-19, 9:7-14.)  Finally, defendant's Business Manager, Karen Mettler, stated that plaintiff submitted multiple written applications for additional sick days, (Mettler Dep., Ex. F to Hoke Decl., Dkt. No. 41-11, 33:3-34:12,) and plaintiff contends she articulated the basis for her need for additional sick time within each application.  Viewed in the light most favorable to the plaintiff, these statements provide an evidentiary basis to infer that defendant was made aware on a number of occasions that plaintiff and her

foster children suffered from a serious medical condition. If accepted as true, defendant may have acted recklessly in determining whether its actions were lawful. Therefore, plaintiff's FMLA claims are subject to a three-year statute of limitations, and plaintiff may recover for any alleged violations that occurred after March 4, 2004.

### 2. Seriousness of Plaintiff's Medical Condition

The term "serious health condition" is defined as "an illness, injury, impairment or physical or mental condition that involves inpatient care in a hospital, hospice, or residential medical care facility; or continuing treatment by a health care provider." 29 U.S.C. § 2611(11). Continuing treatment by a health care provider can include "a course of prescription medication (e.g., an antibiotic) or therapy requiring special equipment to resolve or alleviate the health condition (e.g., oxygen)." 29 C.F.R. § 825.113(c). Although routine examinations do not constitute "treatment" as contemplated by the FMLA, "examinations to determine if a serious health condition exists and evaluations of the condition" will suffice. Id.

Although defendant concedes that plaintiff was forced to regularly use a nebulizer at home to alleviate breathing difficulties associated with her lung condition, it nevertheless contends that she did not suffer from a serious medical condition. (See Def's. Mem. of Law, Dkt. No. 38-13, 10.) At the very least, however, plaintiff has established that she received "therapy requiring special equipment to resolve or alleviate [her] health condition." 29 C.F.R. § 825.113(c). Additionally, plaintiff presents evidence of up to ten visits to her physician for her Chronic Obstructive Pulmonary Disorder and a variety of prescription medications she was being treated with at the time of her

termination. (See Ex. C to Pl's. Aff., Dkt. No. 41-4.) Therefore, plaintiff has established that she was suffering from a serious medical condition.

Defendant's argument that plaintiff's medical condition, even if serious, did not impair her ability to perform her job is equally unavailing. Defendant cites to <u>Lundy v. Town of Brighton</u>, 521 F. Supp. 2d 259 (W.D.N.Y. 2007) for the proposition that plaintiff has not raised an issue of fact for whether she could have performed her job despite her lung condition. The plaintiff in <u>Lundy</u> suffered from a psychological impairment that rendered her unable to attend a training session or otherwise engage in public speaking. <u>Id</u>. at 264. Notwithstanding the plaintiff's condition, the court in <u>Lundy</u> held there was no evidence that her psychological impairment prevented the plaintiff from performing the essential functions of her job outside of her ability to speak in front of audiences. <u>Id</u>. Accordingly, the FMLA violation claim in <u>Lundy</u> was dismissed for the plaintiff's failure to show that she suffered from a serious medical condition. <u>Id</u>. In contrast, the plaintiff here has established that she suffered from a serious lung condition as opposed to a psychological impairment related only to her ability to speak in public. Therefore, <u>Lundy</u> is distinguishable and plaintiff has identified issues of fact from which she may demonstrate that her medical condition was sufficiently serious to prevent her from performing the essential functions of her job.

### 3. **Notice to Defendant of the Need for FMLA-Protected Leave**

Defendant also argues that plaintiff did not provide adequate notice of her need for leave as required under the FMLA. So long as the need for leave is foreseeable, an employee must provide her employer with at least 30 days of notice of her intention to take FMLA protected leave from work. 29 U.S.C. 2612(e)(2)(B). In the event that the relatively

sudden need for treatment prevents the employee from providing 30 days of notice to her employer, "the employee shall provide such notice as is practicable." Id.; see also 29 C.F.R. § 825.302(a).

Plaintiff does not allege that she provided defendant with 30 days notice of her need for leave. Consequently, the issue presented is whether she provided adequate notice as soon as was practicable. As a general principle, "it should be practicable for the employee to provide notice of the need for leave either the same day or the next business day. In all cases, however, the determination of when an employee could practicably provide notice must take into account the individual facts and circumstances." 29 C.F.R. 825.302(b). Additionally, both the employer and employee have affirmative obligations to ascertain or provide information related to the basis for the need for leave. "In any circumstance where the employer does not have sufficient information about the reason for an employee's use of leave, the employer should inquire further of the employee or the spokesperson to ascertain whether leave is potentially FMLA-qualifying." 29 C.F.R. § 825.301(a). Although an employee is not obligated to expressly invoke her right to leave under the FMLA, she must provide a qualifying reason for her need for leave. 29 C.F.R. § 825.301(b). Without providing an eligible reason for the need for leave, the employee's request for leave may be denied. Id.

For the same reasons that plaintiff has raised issues of fact that, if true, would establish defendant acted willfully, there are issues of fact for whether plaintiff provided adequate notice to defendant of her need for FMLA-protected leave. In particular, the parties dispute the regularity and content of physicians' notes provided to plaintiff's supervisor documenting her medical condition. Additionally, there are issues of fact for

whether defendant should have been on notice as to the medical condition of plaintiff's foster children due to medical treatment they received at defendant's school and notes from their physician which were received by defendant's school nurse. Therefore, defendant's motion to dismiss plaintiff's first cause of action will be denied.

### C. Interference with Plaintiff's Rights under the FMLA – Notice of Rights

Plaintiff's second cause of action alleges defendant failed to properly notify her of the protections she was afforded under the FMLA, thereby resulting in the interference of her rights under the Act. Defendant raises two arguments in support of its motion for summary judgment as to plaintiff's second cause of action: first, that plaintiff is not entitled to relief for a violation of the FMLA's notice provision; and second, that even if a cause of action exists, plaintiff does not raise any issue of material fact demonstrating that defendant did not provide adequate notice.

Employers are required to post notices in the workplace that inform employees of their rights under the FMLA. See 29 U.S.C. § 2619. While an employer's failure to comply with § 2619 does not provide an employee with a private cause of action, an employee may allege under § 2615(a)(1) that her employer's failure to provide notice interfered with her rights under the Act so long as the employer's failure somehow negatively affected the exercise of the employee's benefits. Sarno v. Douglas Elliman-Gibbons & Ives, Inc., 183 F.3d 155, 161-62 (2d Cir. 1999); see also Conoshenti v. Public Service Elec. & Gas Co., 364 F.3d 135, 142-44 (3d Cir. 2004).

Defendant cites Ragsdale v. Wolverine World Wide, Inc., 535 U.S. 81, 95, 122 S. Ct. 1155, 1164 (2002) as authority for its contention that there is no private cause of action stemming from an employer's violation of § 2619. (See Def's. Mem. of Law, Dkt.

No. 38-13, 9-10.)  However, the Third Circuit's evaluation of the Ragsdale decision is particularly instructive on this issue.  In Conoshenti, the court explained that Ragsdale did not consider whether the FMLA's notice requirements established a private cause of action.  Conoshenti, 364 F.3d at 143.  Rather, the Supreme Court "was called upon to determine the validity of a regulation, 29 C.F.R. § 825.770(a), which imposed a penalty on an employer who failed to advise that a leave taken by an employee would count against her FMLA entitlement."  Id. (footnote omitted).  In light of the limited question presented, Ragsdale was considered silent as to whether a plaintiff could state a claim pursuant to § 2615(a)(1) for her employer's failure to advise her of her FMLA rights.  Id.; cf. Sarno, 183 F.3d 161-62.  Significantly, Conoshenti noted that the Supreme Court found it "reasonable" to suggest "that a failure to advise of FMLA rights could constitute an interference with 'an employee's exercise of basic FMLA rights in violation of § 2615.'"  Conoshenti, 364 F.3d at 143 (quoting Ragsdale, 535 U.S. at 89-90, 122 S. Ct. at 1161-62.)  Therefore, so long as there are issues of fact which, if true, would establish that plaintiff was somehow hindered from exercising her rights by defendant's failure to provide notice of the protections afforded under the Act, plaintiff may state a second claim under § 2615(a)(1) for interference with her FMLA rights.[1]

With respect to whether there is a sufficient evidentiary basis to show that defendant did not provide notice of plaintiff's rights under the FMLA, plaintiff identifies issues of material fact within her affidavit and the affidavit of her former co-worker, Charles

---

[1] Defendant argues for the first time in its reply that several federal regulations concerning its duty to provide notice of FMLA rights are not retroactive and are therefore inapplicable to plaintiff.  These arguments are moot in light of the decision that a private cause of action for the failure to provide notice of FMLA rights exists under § 2615(a)(1).

Johnson. In contrast to Mr. Carpenter's contention that FMLA publications were posted in the employees' break-room, both plaintiff and Mr. Johnson stated that there were no FMLA postings until after plaintiff was notified of her termination. (Pl's. Aff., Dkt. No. 41, ¶ 73; Johnson Aff., Dkt. No. 41-17, ¶ 4.) Therefore, defendant's motion for summary judgment of plaintiff's second cause of action will be denied.

### D. New York Civil Service Law § 75

Plaintiff concedes that her third cause of action alleging a violation of N.Y. CIVIL SERV. LAW § 75 is untimely and withdraws this claim. (See Pl's. Resp. Mem. of Law, Dkt. No. 41-13, 2 n.1.) Therefore, plaintiff's third cause of action will be dismissed.

### E. Breach of Contract

Defendant argues it is entitled to summary judgment for plaintiff's fourth cause of action for breach of contract because, *inter alia*, plaintiff failed to serve a timely notice of claim. Under New York law, no cause of action may be brought against a school district unless a notice of claim is filed within ninety days after the claim accrued. N.Y. EDUC. LAW § 3813(1). After the notice of claim is filed, the defendant-school district has thirty days to pay, adjust, or refuse to pay the claim presented. Id.

It is undisputed that plaintiff served defendant with her notice of claim on March 13, 2006. The issue presented is therefore whether plaintiff's claim accrued on the date she was fired, November 4, 2005, or as plaintiff contends, on the date she received a final determination of her internal grievance, December 14, 2005. Notably, plaintiff cites no legal authority in support of her argument that her claim did not accrue until the conclusion of her internal grievance. (See Pl's. Resp. Mem. of Law, Dkt. No. 41-13, 2-5.) Additionally, as defendant explains, nothing in the contract between defendant and

plaintiff's union abrogated defendant's rights to a timely notice of claim pursuant to N.Y. EDUC. LAW § 3813(1). Rather than accrue only after she exhausted the grievance procedure established under her union's collective bargaining agreement, plaintiff's breach of contract claim arose on the date she learned of her termination. See Pinder v. City of New York, 49 A.D. 280, 281, 853 N.Y.S.2d 312, 313 (N.Y. App. Div. 1st Dept 2008) (rejecting plaintiff's argument that her claim for unlawful termination did not accrue until she received a final determination of her grievance filed pursuant to the terms of the collective bargaining agreement between the defendant and her union). Accordingly, plaintiff's fourth cause of action will be dismissed for failure to file a timely notice of claim, and defendant's remaining arguments as to the breach of contract claim are moot.

## IV. CONCLUSION

Plaintiff identifies issues of material fact as to whether defendant interfered with her rights under the FMLA. The parties dispute the information known by the defendant as to the seriousness of plaintiff's condition and that of her foster children, and plaintiff submits the affidavit of her co-worker who directly contradicts defendant's contention that it posted a notice of its employees rights under the FMLA. Defendant is therefore not entitled to summary judgment on either of plaintiff's claims for interference with her FMLA rights.

On the other hand, plaintiff concedes that her claim under N.Y. CIVIL SERV. LAW § 75 is untimely and withdraws her third cause of action. Additionally, plaintiff's fourth cause of action for breach of contract must be dismissed for her failure to file and serve a timely notice of claim.

Accordingly, it is

ORDERED that

1. Defendant's motion for summary judgment is GRANTED as to the following claims and these claims are DISMISSED:

(a) <u>Cause of Action Three</u> for plaintiff's termination in violation of N.Y. CIVIL SERV. LAW § 75, and

(b) <u>Cause of Action Four</u> for breach of contract.

2. Defendant's motion for summary judgment as to the following claims is DENIED:

(a) <u>Cause of Action One</u> for interference with plaintiff's rights under the FMLA as a result of her termination, and

(b) <u>Cause of Action Two</u> for interference with plaintiff's rights under the FMLA as a result of defendant's failure to advise plaintiff of her statutory rights.

IT IS SO ORDERED.

_____
United States District Judge

Dated: December 1, 2009
       Utica, New York